IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| UNION SECURITY LIFE INSURANCE COMPANY, ET AL., | PLAINTIFFS, |
| VS. | CIVIL ACTION NO. 3:04CV90-P-A |
| JOYCE MARTIN and SHERYL MOORE, | DEFENDANTS |

CONSOLIDATED WITH

| | |
|---|---|
| DORIS SELMON, ET AL., | PLAINTIFFS, |
| VS. | CIVIL ACTION NO. 2:03CV108-P-A |
| FIRST FAMILY FINANCIAL SERVICES, ET AL., | DEFENDANTS. |

## ORDER

This matter comes before the court upon Defendants Joyce Martin and Sheryl Moore's Motion to Dismiss [9-1] pending in *Union Security Life Insurance Company, et. al. v. Martin, et al.,* Cause Number 3:04cv90-P-A. Upon due consideration of the motion and the responses filed thereto the court finds as follows, to-wit:

The motion is not well-taken and should be denied.

The plaintiffs' right to file the instant petition to compel arbitration pursuant to the Federal Arbitration Act has not been waived because, viewed in light of the "strong presumption against finding a waiver of arbitration" pursuant to *Republic Insurance Company v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004), the removal of the underlying *Doris Selmon, et al. v. First Family Financial Services, Inc., et al.* case, Civil Action No. 2:03CV108-P-A and the remand-related activities associated therewith do not constitute substantial

1

invocation of the judicial process by the plaintiffs to justify a waiver. *See Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995).

The defendants also argue that rather than filing the instant petition with this court, the petitioners should have asserted their arbitration claims as compulsory counterclaims in the underlying action. This argument is unavailing since such a practice would result in the practical invalidation of the Federal Arbitration Act, 9 U.S.C. § 4 by Federal Rule of Civil Procedure 13. The defendant has cited no authority to mandate this conclusion.

Thus leaves the first-to-file rule which holds that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). Because the instant case was consolidated with *Selmon* by the court's Order of October 28, 2004, the first-to-file rule in inapplicable given the absence of two cases pending before two federal courts. .

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss the Petition to Compel Arbitration or in the Alternative to Stay [9-1] is hereby **DENIED**.

**SO ORDERED** this the 15th day of July, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE